It is the appellant's position in this case that the trial court denied and committed clear error by denying the roll reduction under 3B1.2 as was requested. The appellant's opening brief outlined and paralleled the logic applied by the trial court in denying the roll reduction. The first assignment of error goes to the court's conclusion that the appellant should be denied the roll reduction because he had transported contraband two times in two days. This is contrary to Amendment 635 of the United States Sentencing Guideline, which was promulgated in 2001. The defendant, Mr. Alcaraz-Chavez, the appellant in this matter, was not converted by virtue of having transported second time in two days into a The court will notice that a theme that runs through my brief, a theme that runs through the defense, and a theme which casts a very long shadow over this entire case, is a theme of coercion and duress, and that really underlies the entire matter. The second assignment of error in this matter is that the trial court concluded Mr. Alcaraz-Chavez would not be in the offense. The appellant has cited this court's precedent in the case United States v. Rojas Mian, where the trial court is directed to look not just to the individuals who are brought before the court to trial or before the court for sentencing, but to look at all likely actors who could possibly be involved in the offense. And in this case How much was involved here? How much was he carrying? Approximately 11 kilograms of cocaine. A lot. I would say so, Your Honor. In the Rojas Mian case Just bear with me for a moment. And you, you, he got a sentence of 48 months. And the relief that you want is what? To reinstate the original, what do you We are asking for this case to be remanded for sentencing and for the court to consider whether or not my client should be entitled to a role reduction. The court already considered that, though. Yes, Your Honor. The court did consider these, but I believe each of the reasons is invalid for this reason statement. Erroneous? Do you think they're clearly erroneous? Yes, Your Honor, I do, based upon the facts in this case. Well, could you just run through them quickly? Yes. I will continue with the second point and go to the third, if the court will permit. In the Rojas Mian case, once again, the Ninth Circuit has said clearly that the court is to consider all the likely actors. And somewhat anomalously, the trial court did state, in this case. And it went on to name all of the other likely actors that could possibly exist beyond Mr. What else was the court to do? Your Honor, the court should have considered perhaps the two precedents which this court has written in this area. I would cite you to two of the cases that the prosecutor has referred to in this case. The first is Hernandez-Franco. But, counsel, under the particular facts of this case, what else could the court have done in terms of ascertaining the other participants? What else could the court have done? The court couldn't have done anything else than speculate, perhaps, that these other people existed. But if the court were to look at the context of the case and realize that so much contraband was involved and the social history of the defendant, which was presented to it, which is he was just a very poor individual, there's no way that he could have had any sort of proprietary interest in this, no authority for making decisions. The fact that the co- Money for having made the delivery. Your Honor, that brings us to perhaps the most pivotal factual consideration in this case, which is that the defendant actually took a polygraph, which corroborated the statement which he made to the customs agents who arrested him, in which he tested and passed for the issue of whether he did this offense in return for monetary compensation or whether he committed this offense for the purpose of avoiding harm and threats to himself and his family. And did the district court consider that, too? Yes, Your Honor. They did consider that, and the district court did, in fact, grant him a departure for duress. However, the precedents of the Ninth Circuit state that the issue of coercion can also be considered in the context of a minor or minimal role reduction. It can be considered but not mandated. That's the difficulty I have with your argument. It appears to me that you are trying to make the argument that the court was required to give the adjustment, the role adjustment. Your Honor, I apologize for that impression. I would cite you once again to the two cases, Hernandez-Franco and Ajala v. Parole Commission. In those cases, the role reduction was denied. But in Ajala, the court concluded that there was only the coercion alleged, but it wasn't consistent with the facts of the cases they developed. I would fall down to in each case a consideration of the factual circumstances of each case, and the district court judge is closer to the situation, has had the opportunity to observe the participants. How are you expecting us to find clear error when the district court judge considered all of the evidence and the factors you're urging us to consider? With all due respect, I believe that the trial court's reasoning was internally inconsistent in this matter. Having accepted that there was coercion and that there was no other reason for this young man to have participated, but then to turn around and say that this person who was coerced and unwillingly did this played any greater role than a minor or minimal participant is wrong. I don't think the district court did find that there was no other reason that the defendant did this, because the district court also noted that while there was coercion, that he did it twice and that he accepted money for it. And so I — isn't that right? Your Honor, the money was found in the car, but my client never accepted the position that he did this in compensation for the money, or that that was a motive of his. He kept the money. The money was still in his car from the prior day. That was — that's all we know about it. But the polygraph proved only that he had done this because of the threats of coercion. His apartment had been broken into, and he'd been receiving telephone calls for a month threatening him. Thank you, Your Honor. Thank you. Good afternoon. May it please the Court. My name is Rhys Bostwick. I'm an assistant United States attorney from Tucson, Arizona, and I represent the appellee in this case. There's really one issue here, and the issue comes down to is whether or not the judge was clearly erroneous in denying this downward departure. As Your Honor correctly noted, the judge did give deference to the defendant in several other areas. He accepted the polygraph evidence. He said he was considering that. Based on that, he gave a greater deduction — reduction in the offense level than was recommended by the probation officer in this case, who recommended a 57-month sentence. And essentially, the judge said, I've accepted that you've got this polygraph. I'm going to accept your argument about duress and coercion. And he gave a total of four points for both duress and coercion as well as aberrant behavior. But the court went on to — and this is the crux of the case — the court was required to and did look at the totality of the circumstances based on all relevant conduct. The court made specific findings in this case, and based on those findings, set forth the reasons why he wasn't going to give a reduction or an adjustment for minor or minimal role. Now, I understand that the defendant disagrees with that, but his argument is that based on the fact of the claim of coercion and duress, that essentially that would make the defendant a minor or minimal player. And that just can't be, because if you equate the bank, or I'm going to do harm to your family, and the defendant does it, he's the one robbing the bank. That doesn't make him a minor or minimal role player. He robbed the bank. Now, there's an excuse for it. Sure, his family was put at risk. But in this situation, as is set out in the transcript, the judge was even troubled by this duress and coercion presentation that was made. Here's a defendant, and it's set forth in the pre-sentence report, which is included as part of the record. He lived in Nogales, Sonora by himself. His father lived down in Los Mochis, which is way south. His mother actually lived in Los Angeles. And the judge was very concerned about the fact that if somebody starts running loads of cocaine, and the day that the defendant was caught with the 24 pounds in this case, he had the money from having run a load the day before. He wasn't charged with that previous load. It wasn't included in the record. The defendant, who came to the court at sentencing, provided all these reasons, and the judge went through, made a detailed analysis, made the findings that were required by Ninth Circuit law, and is actually consistent with other cases here from the Ninth Circuit, ones that we've cited in our brief. The Ajala case is a case where it's very similar factually. A one-time courier, the defendant claims she didn't know of the knowledge and understanding of the scope and structure of the enterprise or activities of the enterprise. If you look at the Hirsch case from 2000, H-U-R-S-H, the defendant stopped at the port of entry with a Camaro with only 59 pounds of  the defendant had no knowledge of the scope and structure of the enterprise. Again, it's the same in L.U.I. The defendant arrived at L.A.X. with 12 pounds of heroin. He again argued that he was a one-time courier with lack of knowledge and understanding of the scope and the structure of the enterprise. If you look at the Hirsch case from 2000, H-U-R-S-H, the defendant stopped at the port of entry with a Camaro with only 59 pounds of marijuana in the gas tank. Again, the court, Ninth Circuit, said fact that a defendant of drug courier does not mean that his role were minimal or minor. The other three cases that we cite in our brief... One thing, though, that's different in this case from the other cases is here, the trial judge, I mean, specifically found that he acted under coercion, right? And he gave him credit for that, Judge. He gave a reduction for that. But the finding of coercion seems to me necessarily carries with it the implication that, you know, he was in effect controlled by somebody else. In other words, there had to be somebody, another participant who was more culpable. The judge found that there were... Most necessarily implicit in the coercion finding? Not necessarily under the facts of this case, because the judge made a finding that there were other participants, and he enumerated some of them, the people that controlled the drugs, the people that loaded and unloaded... You know, they're not... In effect, he said, because they're not defensive, we don't know what they did. And that, for you, is clearly wrong. But, I mean, back to my point that if he acted under coercion, necessarily he was a subordinate player, right? Not necessarily. That was my example for the bank robber. You mean to say a person acting under coercion has the same level of participation as a person who's doing the coercing? Not if you take my example of the bank robber, Your Honor. Somebody that goes in and robs the bank, they're the person robbing the bank. They're the major player that actually went into the bank... Oh, but we have many cases that say, you know, a mere courier can get the minor role adjustment, right? Agreed, yes. All right, so this guy is only a courier. Now, putting that together with the fact that he was acting under coercion, under, in other words, you know, somebody else's direction, doesn't that make him a minor participant? Not necessarily. What the language is of the cases that we cite in our brief that I've cited here today, just because you're a courier, it means you may get... I'm not saying just because he's a courier, because he's a courier and he's  But in those cases you cite, you know, Ayala and Hernandez-Franco and those other cases, they don't, you know, they don't have the finding that the defendant acted under coercion. If you look at the Ayala case, Your Honor, actually in that case the defendant made a claim that she'd been drugged. No, but it wasn't proven. She'd been drugged. In this case, the district court accepted that assertion, right? In that case, that's the difference. He accepted it, but was troubled by it. And the reason he was troubled... It doesn't matter. You're not challenging it, right? Excuse me? You're not challenging that departure as being, you know, illegal, the departure for acting under coercion. We didn't challenge that. The judge gave him a reduction for that. I know that. So we have to accept that he acted under coercion. That's the finding on which that... Let me ask you a question. Doesn't the guideline treat coercion in minor role differently? They are separate sections, yes. You could find each one independently, I believe. That's right. And you're trying to say because he had credit for coercion, he shouldn't get anything for minor role, but they are separate. What I'm saying is because he acted under coercion, that necessarily implies that he was a subordinate actor. Not necessarily, Your Honor, because it depends on the totality. In this circumstance, even though the defendant made a claim and the judge gave him credit for coercion, the judge made a specific finding that under the circumstances and the participants involved, the defendant still played a significant role. And he made that specific finding on the record as one of the reasons for not giving a departure for the role. And our position is that the judge looked at each of the factors, made specific findings, and he said, okay, I'm going to give you reductions for coercion. I'm going to give you a reduction for coercion and duress. I'm going to give you a reduction for aberrant behavior. But based on these findings that I'm making here, notwithstanding this other information, based on all the factors, I'm not going to give you that reduction for that area. And our position is that since he made those findings and applied the law under the totality of the circumstances, that ruling wasn't clearly erroneous. And that's the standard. And when we talked about, well, the judge didn't have enough to do more, he would have had to speculate. And counsel conceded he would have to speculate. It's defendant's burden in order to get this to go forward and convince the judge to have him make findings to support of it. And defendant couldn't and didn't in this case because of the facts that were involved. So for that reason, we believe that the judge made his factual findings. They were not clearly erroneous. And for that reason, we believe that the sentence should be affirmed. Thank you. Thank you, counsel. The hypothesis, which is proffered by the government, includes a factual scenario which is much different from what this Court was faced with. The bank robber hypothesis is not really applicable here because that is one which is not applicable. It is one which is really involving barely concerted activity. The prosecutor has added a threat onto an individual walking into a bank. Here we have a case where there is obviously, the Court accepted, highly concerted activity. And the defendant is playing what I believe to be the most fungible role, the one where he is procured not by the incentive of making easy money, but by the fact that he is a bank robber. But by the incentive of trying to keep himself and his family safe. And for these reasons, the Court has committed error because none of the three proffered reasons for denying the role reduction hold water, and it ignores, I believe, the overriding consideration in this case, which is that the appellant, the defendant in this matter, was forced to do what he did. And therefore, his culpability is overwhelming. diminished, and he obviously wouldn't have had any knowledge of the scope or structure of the enterprise. Thank you, Your Honor. Thank you, Counsel. The case just argued is submitted for decision. We'll hear the next case in a moment.
judges: Schroeder, Tashima Rawlinson